FRANK C. RIDDLE *et al.*, Appellants, v. ANDREW F. BROWN *et al.*, Respondents.

**St. Louis Court of Appeals, November 12, 1889.**

**Jurisdiction, Appellate.** The city of St. Louis is a municipal sub-division of the state within the meaning of section 12, of article 6, of the constitution, and the supreme court has jurisdiction of an appeal in a case in which that city is a substantial party.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

*Transferred to Supreme Court.*

THOMPSON, J., delivered the opinion of the court.

This is a proceeding in equity, in the nature of a creditor's bill, against Andrew F. Brown and the city of St. Louis, in which the plaintiffs seek to charge a certain indebtedness of the city to the defendant Brown, alleged to have accrued to Brown under a contract between him and the city for the sprinkling of the

streets, with the payment of certain judgments which the plaintiffs have recovered against Brown. The city answered by a general denial. The plaintiffs obtained a temporary injunction against the city restraining it from paying over to Brown any money due him under the street-sprinkling contract, in excess of an amount sufficient to satisfy the plaintiffs' judgment and costs. Thereafter there was a final hearing, which resulted in a judgment dismissing the plaintiffs' bill. From this judgment the plaintiffs prosecute the present appeal.

It is apparent from the foregoing statement that the city of St. Louis is a substantial party to the proceeding. Indeed, the only remedy which is sought is against the city, and any process which might issue in the cause, if finally determined in favor of the plaintiffs, would run against the city. The city of St. Louis being a municipal sub-division of the state, within the meaning of section 12, of article 6, of the constitution, and the subsequent constitutional amendment establishing the jurisdiction of this court, and being a substantial party to the cause, this court is without jurisdiction, and the cause must be transferred to the supreme court. It is so ordered. All the judges concur.